IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KHAI BUI,                                       )
                                                )
        Plaintiff,                              )
                                                )
        v.                                      )   Civil Action No. 1:22-cv-01387 (RDA/IDD)
                                                )
KOONS OF TYSONS CORNER INC.,                    )
*et al.,*                                       )
                                                )
        Defendants.                             )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Khai Bui's Motions for Relief from Order ("Motions").  Dkt. Nos. 36; 40.  This Court has dispensed with oral argument as it would not aid in the decisional process.  *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).  This matter has been fully briefed and is now ripe for disposition.  Considering the Motions together with Plaintiff's Memoranda in Support (Dkt. Nos. 37; 41), Defendant Koons of Tysons Corner Inc.'s Memoranda in Opposition (Dkt. Nos. 38; 43), and Plaintiff's Reply Memorandum (Dkt. 44), this Court DENIES the first Motion for Relief (Dkt. 36) but GRANTS-IN-PART and DENIES-IN-PART the second Motion (Dkt. 40) for the reasons that follow.

### I.  BACKGROUND

#### A.  Factual Background

Plaintiff Khai Bui resides in Maryland and owns a 2016 Jeep Cherokee Sport.  Dkt. 5 at 4. He sought services on his vehicle from Defendants Koons of Tysons Corner Inc. ("Koons") and Top Japanese Mechanics Inc. ("TJM") on multiple occasions between April 25, 2019 and December 8, 2020.  *Id.* at 4-5.  The initial service that Plaintiff received from Koons on April 25,

2019 involved battery replacement, oil change, and inspection.  Dkt. 1, Ex. 5.[1]  Plaintiff returned

to Koons on July 2, 2019, raising a concern regarding an engine mount, and Koons replaced the

rear engine mount on the following day.  *Id.*, Ex. 6.  On January 25, 2020, Plaintiff visited Koons

and requested a "check and clear" for engine codes.  *Id.*  On April 15, 2020, Plaintiff returned to

Koons and sought diagnostic services because his vehicle's engine stalled.  *Id.*, Ex. 9.  After

determining that an overcharged alternator caused the engine to stall, Koons replaced the

alternator.  *Id.* at 14 & Ex. 9.  About one week later, Plaintiff's vehicle's engine stalled again and

made a "grinding" noise.  *Id.* at 14 & Ex. 10.  Plaintiff returned to Koons, and Koons repaired the

vehicle's starter after diagnosing it as the cause.  *Id.*, Ex. 10.

Plaintiff also visited TJM for a thermostat installation on July 7, 2020.  Dkt. 5 at 4.  Plaintiff

alleged that TJM cut the thermostat coolant hoses on that day, which led to his vehicle getting

towed to Koons for further repair.  *Id.*  On October 27, 2020, Plaintiff returned to Koons and

requested an engine check due to his vehicle overheating.  Dkt. 1, Ex. 13.  However, upon

inspection, Koons did not identify an overheating problem and instead told Plaintiff that the vehicle

was "unfixable."  *Id.*  Nevertheless, Plaintiff sought services from Koons for a final time on

December 8, 2020, including a cooling system diagnosis and a road test.  *Id.* at 15 & Ex. 13.  Koons

identified a radiator leak and repaired it.  *Id.*, Ex. 13.  Four months later, the check engine light

appeared again, and the engine had a high driving temperature.  *Id.* at 15.

---

[1] Plaintiff's Amended Complaint (Dkt. 5) did not include the receipts and other exhibits that were attached to his original Complaint (Dkt. 1) (the "Original Complaint").  Although a plaintiff's amended complaint supersedes his or her original complaint in general, this Court considers the exhibits attached to the Original Complaint to construe the *pro se* plaintiff's complaint liberally.  *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).  Accordingly, the Court cites to both the Original Complaint and the Amended Complaint as well as their exhibits in this recitation of the facts.

B.   Procedural Background

Plaintiff filed a *pro se* Complaint on December 5, 2022 and filed an Amended Complaint

on December 8, 2022.  Dkt. Nos. 1; 5.  TJM filed a Motion to Dismiss for Failure to State a Claim

on December 20, 2022. Dkt. 11.  Koons filed a Motion to Dismiss for lack of jurisdiction on

December 28, 2022.  Dkt. 14.  Plaintiff responded to TJM's Motion on December 29, 2022 and to

Koons's Motion on January 17, 2023.  Dkt. Nos. 19; 20.  Plaintiff then filed a Motion for Default

Judgment on April 14, 2023.  Dkt. 27.  Koons responded to the Motion on April 21, 2023, and

TJM responded to the Motion on April 25, 2023.  Dkt. Nos. 30; 32.

On July 20, 2023, the Court granted Koons' Motion to Dismiss for Lack of Jurisdiction

and dismissed the matter with prejudice.  *See* Dkt. 35 ("Memorandum Opinion").  Plaintiff sought

to establish the Court's subject-matter jurisdiction through diversity based on alleged

compensatory damages of $11,489.18 and alleged punitive damages of $2 million.  *Id*. at 3.

However, the Court determined that Plaintiff could not claim $2 million in punitive damages

because he failed to allege plausible facts indicative of willfulness and maliciousness on the part

of Defendants.  *Id.* at 7-8.  Even if Plaintiff had pleaded plausible facts, his punitive damages

would be capped at three times the amount of his compensatory damages under the applicable

Virginia statute, which would be $34,467.54.[2]  *Id.* at 10.  Because it was "clear with legal certainty"

that Plaintiff could not recover more than $75,000 under Virginia law, the Court found that

Plaintiff could not establish the amount-in-controversy required for the Court's diversity

jurisdiction and dismissed the case with prejudice.  *Id.*

---

[2] The Memorandum Opinion states $34,467.57 for the maximum treble award, but the number should be $34,467.54 based on the amount of compensatory damages that Plaintiff sought in the Amended Complaint.  Dkt. 5 at 4.

Plaintiff filed a Motion for Relief from Order on July 24, 2023, arguing that the Court's July 20, 2023 Memorandum Opinion was void under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6).  Dkt. 36.  Koons responded to the Motion on July 28, 2023.  Dkt. 38.  Plaintiff filed a second Motion for Relief from Order pursuant to Rules 60(a), 60(b)(4), and 60(b)(6).  Dkt. 40. Koons responded to the second Motion on August 23, 2023.  *See* Dkt. 43.  Plaintiff filed a Reply on August 29, 2023.  Dkt. 44.

## II.   STANDARD OF REVIEW

Rule 60(b) allows a party to seek relief from a final judgment and request the reopening of a case under a limited set of circumstances.  *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Rule 60(b)(4) provides for relief from a judgment if the judgment is void.  Fed. R. Civ. P. 60(b)(4). Because of the threat to the finality of judgments and the risk that litigants will bypass an appeal process by invoking Rule 60(b)(4), courts narrowly construe the concept of a void judgment. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005).  A judgment is not void merely because it may have been erroneous, but it is void only when there is a jurisdictional error or "a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010); *Wendt*, 431 F.3d at 412.  When considering a Rule 60(b)(4) motion based on an alleged jurisdictional error, courts grant relief only when the court that rendered the judgment had no "arguable basis" for jurisdiction.  *See Wendt*, 431 F.3d at 413 ("[C]ourts must look for the rare instance of a clear usurpation of power," which occurs "only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.") (internal quotation marks omitted).

Rule 60(b)(6) is a catchall for "any other reasons that justifies relief" when Rules 60(b)(1) through (b)(5) are not applicable.  *Kemp*, 142 S. Ct. at 1861.  However, Rule 60(b)(6) requires that

a movant demonstrates "extraordinary circumstances" to justify the reopening of a closed matter. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  To determine whether extraordinary circumstances exist to justify relief, courts must balance the "sanctity of final judgments" against the court's conscientious role in ensuring justice in light of all relevant facts.  *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 194 (4th Cir. 2023).

By contrast, Rule 60(a) provides for a much more limited scope of review and permits courts to make mechanical adjustments to judgments, such as correcting transcript errors and miscalculations, and to perform ministerial tasks, such as making a judgment more specific to account for an original omission.  *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014). Importantly, courts may not use Rule 60(a) to "reconsider a matter that has already been decided" because there is a distinction between fixing clerical mistakes and reconsidering final judgments based on legal or factual mistakes.  *Id.*

When evaluating the claims of *pro se* litigants, courts must construe them liberally.  *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).  Nevertheless, the "special judicial solicitude" for *pro se* litigants does not make the court their advocates nor does it overvalue their *pro se* status. *Id.*

### III.  ANALYSIS

The main thrust of Plaintiff's Motions is that the Memorandum Opinion was erroneously decided because the Court should have not dismissed the matter for lack of jurisdiction.  Plaintiff's arguments fail in this regard and, thus, the Motions will be denied with respect to Rule 60(b).  To the extent Plaintiff relies on Rule 60(a) in his second Motion, the Motion will be granted in part and denied in part to correct the dismissal as "without prejudice."

A.   The Memorandum Opinion Was Correctly Decided

The Court appropriately dismissed this case for lack of subject-matter jurisdiction because

Plaintiff could not meet the amount-in-controversy requirement to establish diversity jurisdiction.

Dkt. 35 at 11.   In his Motions for Relief from Order, Plaintiff argues that the requirements of

diversity jurisdiction are met because 1) there is complete diversity of citizenship, and 2) his claim

for punitive damages of $2 million satisfies the amount-in-controversy requirement of over

$75,000.  Dkt. 37 at 2.

Plaintiff's argument is without merit.  Because Plaintiff failed to allege any plausible facts

indicative of Defendants' willfulness and maliciousness, he did not meet the "heavy burden on a

plaintiff seeking punitive damages."  *See* Dkt. 35 at 7 (citing *Blakely v. Austin-Weston Ctr. for*

*Cosmetic Surgery, L.L.C.*, 348 F. Supp. 2d 673, 677 (E.D. Va. 2004)).   Even if Plaintiff could

allege facts in support of punitive damages, his damages would be capped below the amount-in-

controversy requirement under Virginia law.  *Id.* at 10.  Thus, unlike in *Henry v. H.B.I., LLC*, No.

114CV396AJTJFA, 2014 WL 12917204, at *2 (E.D. Va. May 22, 2014) cited by Plaintiff,[3] here,

it was "clear with legal certainty" that Plaintiff could not recover more than $75,000 under Virginia

law.  *Compare Henry*, 2014 WL 12917204, at *2, *with* Dkt. 35 at 10.

In his Motions, Plaintiff argues for the first time that his recovery of damages should not

be limited by Virginia law because he can recover $2 million in punitive damages in a federal court

under 28 U.S.C. § 1355(a) and 28 U.S.C. § 1395(a).  Dkt. 37 at 3.  However, this argument fails

because neither of the statutes he cites are applicable here.   28 U.S.C. § 1355(a) provides that

district courts have original jurisdiction to hear "any action or proceeding for the recovery or

---

[3] In *Henry*, the Court held that it could not remand the case to state court for lack of
jurisdiction because it could not determine "to a legal certainty" that Plaintiffs could not recover
damages over $75,000.  *See Henry*, 2014 WL 12917204, at *2.

enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). This statute clearly does not apply because 1) Plaintiff's claims are under Virginia state law, not under "any Act of Congress," and 2) Plaintiff does not establish that he seeks to recover "fine, penalty, or forfeiture." 28 U.S.C. § 1395(a) likewise does not apply in this case. The statute determines where a "civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture" can be prosecuted. 28 U.S.C. § 1395(a). Because the statute concerns venue, not jurisdiction, it is inapposite and does not grant this Court jurisdiction over the matter. Accordingly, neither of Plaintiff's newly raised arguments succeeds in establishing that Plaintiff can meet the amount-in-controversy requirement in a federal court.

In addition to Plaintiff's general arguments that the Memorandum Opinion was incorrectly decided, Plaintiff specifically seeks relief pursuant to Rule 60(b)(4). But such relief must be premised on either a jurisdictional error or a due process violation. *Espinosa*, 559 U.S. at 270; *Wendt*, 431 F.3d at 412. Because Plaintiff cannot establish either basis, the Motions will be denied in this regard.

Plaintiff's jurisdictional error argument is meritless. Under Rule 60(b)(4), a judgment is void based on a jurisdiction error when "the court rendering the decision lacked personal or subject matter jurisdiction." *Wendt*, 431 F.3d at 413. Plaintiff turns the ordinary Rule 60(b)(4) argument on its head when he argues that the Memorandum Opinion is void based on the Court's failure to exercise jurisdiction, not based on the Court's lack of jurisdiction. Dkt. 41 at 14. Courts have specifically rejected similar arguments. *See Myzer v. Bush*, 750 F. App'x 644, 649 (10th Cir. 2018) (holding that a plaintiff's argument that the "district court failed to exercise subject-matter jurisdiction that it possessed . . . does not properly invoke Rule 60(b)(4)"). Thus, Plaintiff's jurisdictional error argument does not properly invoke Rule 60(b)(4).

Plaintiff's due process violation argument is also unavailing.  In his Reply Memorandum, Plaintiff suggests for the first time that he suffered a due process violation because he "did not have a trial to present evidence[] with regard to the claims of punitive damages."  Dkt. 44 at 4.  It is generally improper to consider arguments raised for the first time in a reply because it is unfair to defendants.  *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995).  Even if the Court considers Plaintiff's argument, the argument fails on the merits because federal courts have an obligation to dismiss a case based on lack of subject-matter jurisdiction. This premise is based upon the need to avoid exceeding the scope of their jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Moreover, the dismissal of a case does not violate a party's due process rights because 1) there is no constitutional due process right to oral argument, and 2) courts can use procedural rules to put an end to frivolous lawsuits and conserve resources.  *See Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well settled that oral argument is not necessary to satisfy due process.").  Thus, the Court's dismissal of the instant matter for lack of subject-matter jurisdiction did not violate Plaintiff's due process right.

Plaintiff also invokes Rule 60(b)(6) to urge the Court to render the Memorandum Opinion void.  Relief under Rule 60(b)(6) is given only when "extraordinary circumstances" are present to justify the reopening of a case.  *Gonzalez*, 545 U.S. at 535.  As Defendant Koons correctly points out, Plaintiff's argument that the Court made its ruling in error does not present a circumstance that is extraordinary enough to disturb the finality of the judgment.  Dkt. 43 at 3; *Moeller v. D'Arrigo*, 163 F.R.D. 489, 494 (E.D. Va. 1995) (holding that a "plaintiff's claim of legal error cannot fall under the catch-all provision of 60(b)(6)").  Because Plaintiff fails to establish extraordinary circumstances that justify reopening the case, his Motions will be denied in this regard.

In summary, the Memorandum Opinion was correctly decided, and none of Plaintiff's arguments pursuant to Rule 60(b) warrant reopening the judgment.  To the extent that Plaintiff seeks reconsideration of this case, his Motions will be denied.

### B.  Plaintiff Correctly Asserts a Need for Limited Rule 60(a) Relief

Plaintiff invokes Rule 60(a) as one of the grounds for relief in his second Motion.  Dkt. 40 at 1.  Rule 60(a) permits courts to "correct a clerical mistake or a mistake arising from oversight or omission . . . in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Rule 60(a) may also be raised *sua sponte* by the Court to correct an oversight.  *Joshua v. United States*, No. 2:02CR28, 2017 WL 11318164, at *2 (E.D. Va. Oct. 31, 2017).

The Court has determined that this case should have been dismissed "without prejudice," rather than "with prejudice."  Dkt. 35 at 11.  As the Fourth Circuit has explained, a dismissal based on any "defect in subject matter jurisdiction – must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."  *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).  The Fourth Circuit has also recognized that correcting the dismissal of an action from "with prejudice" to "without prejudice" is the kind of clarifications that are appropriate under Rule 60(a).  *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 268 (4th Cir. 2014).  Accordingly, the Court corrects the Memorandum Opinion to note that dismissal is "without prejudice."

Plaintiff's Rule 60(a) argument asserts that "document 17-1" was incorrectly filed in this case.  In this regard, Plaintiff is correct.  It appears that the Clerk's Office inadvertently attached documents unrelated to this case to Plaintiff's "Notice of Lawsuit Representation."  Dkt. Nos. 17; 17-1.  Essentially, Plaintiff seeks to strike such materials from the record as incorrectly filed, and this Rule 60(a) portion of Plaintiff's Motion will be granted.  This partial granting of the motion,

however, does not support the concept that the Memorandum Opinion was incorrectly decided because neither the Court nor Defendants relied on these documents.  Thus, Plaintiff's Motion will be denied to the extent that Plaintiff seeks to reopen the case.  Rule 60(a) allows courts to correct clerical mistakes, but not to reconsider a final judgment.  *Sartin*, 756 F.3d at 265.  Accordingly, Plaintiff's second Motion will be granted in that docket number 17-1 will be stricken from the record but denied in all other respects.

## III.   CONCLUSION

For the reasons articulated in this Memorandum Opinion, it is hereby ORDERED that Plaintiff's Motion for Relief (Dkt. 36) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Relief (Dkt. 40) is GRANTED-IN-PART and DENIED-IN-PART, in that the Motion is granted to the extent Plaintiff seeks to strike docket number 17-1 from the record and the Motion is denied in all other respects; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to STRIKE docket number 17-1 from the record; and it is

FURTHER ORDERED that the Memorandum Opinion (Dkt. 35) is CORRECTED to reflect that dismissal in this case is "without prejudice."

The Clerk is directed to forward this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
December 1, 2023

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge